TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Michael Saladino*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| Michael Saladino, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Allied Interstate, LLC, | |
| Defendant. | **JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, MICHAEL SALADINO, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Telephone Consumer Protection Act ("TCPA") at 47 U.S.C. §227(a)(1) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Fountain Hills, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Allied Interstate, LLC, which is an Ohio company and maintains its registered agent in the City of Phoenix in Maricopa County, Arizona.

5. Plaintiff is an adult individual residing in Fountain Hills, Arizona, and is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff's daughter, Jacqueline Saladino, to Sallie Mae regarding a student loan ("The Debt").

8. In November 2014, Jacqueline Saladino appointed Plaintiff to be her Power of Attorney due to severe brain injuries she sustained after being involved in a hit and run auto accident.

9. In or around January 2014, Defendant started calling Mr. Saladino's cellular phone, attempting to collect his daughter's alleged debt.

10. During the first conversation that Mr. Saladino had with Defendant, he told Defendant that he was his daughter's Power of Attorney, but that he only had power to request documents. He informed Defendant that he had nothing to do with the alleged debt. He also explained to Defendant that his daughter was involved in a hit and run accident and sustained major brain injuries. He further explained that he was caring for her and asked Defendant to stop calling him on his cellular phone.

11. Despite Mr. Saladino's unequivocal request that Defendant stop calling him, Defendant proceeded to place repeated phone calls to his cellular phone.

12. At all relevant times herein, Defendant called Plaintiff's cellular phone by using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

13. Defendant called Mr. Saladino on the following dates and times:

    a. January 30, 2014 at 9:09 a.m.;

    b. January 30, 2014 at 11:27a.m.;

    c. January 30, 2014 at 1:46p.m.;

    d. January 30, 2014 at 3:52 p.m.;

    e. January 30, 2014 at 5:59 p.m.;

    f. January 31, 2014 at 9:12 a.m.;

    g. January 31, 2014 at 11:31 a.m.;

    h. January 31, 2014 1:38 p.m.;

    i. January 31, 2014 at 3:46 p.m.;

    j. January 31, 2014 at 5:55 p.m.;

    k. February 3, 2014 at 9:29 a.m.;

    l. February 3, 2014 at 2:28 p.m.;

    m. February 3, 2014 at 4:38 p.m.;

    n. February 3, 2014 at 6:43 p.m.;

    o. February 4, 2014 at 12:01 p.m.;

    p. February 4, 2014 at 2:06 p.m.;

q.  February 4, 2014 at 4:29 p.m.;

r.  February 4, 2014 at 6:356 p.m.;

s.  February 5, 2014 at 9:19 a.m.;

t.  February 5, 2014 at 11:58 a.m.;

u.  February 5, 2014 at 2:03 p.m.;

v.  February 5, 2014 at 4:12 p.m.;

w.  February 5, 2014 at 6:16 p.m.;

x.  February 6, 2014 at 9:31 a.m.;

y.  February 6, 2014 at 11:50 a.m.;

z.  February 6, 2014 at 2:02 p.m.;

aa.  February 6, 2014 at 4:17 p.m.;

bb.  February 6, 2014 at 6:26 p.m.;

cc.  February 7, 2014 at 9:30 a.m.

dd.  February 7, 2014 at 12:11 p.m.;

ee.  February 7, 2014 at 2:16 p.m.;

ff.  February 7, 2014 at 4:37 p.m.;

gg.  February 7, 2014 at 6:47 p.m.;

hh.  February 10, 2014 at 9:28 a.m.;

ii.  February 10, 2014 at 11:58 a.m.;

jj.  February 10, 2014 at 2:04 p.m.;

kk.	February 10, 2014 at 4:09 p.m.;

ll.	February 10, 2014 at 6:15 p.m.;

mm.	February 11, 2014 at 9:16 a.m.;

nn.	February 11, 2014 at 11:20 a.m.;

oo.	February 11, 2014 at 1:51 p.m.;

pp.	February 11, 2014 at 3:58 p.m.;

qq.	February 11, 2014 at 6:11 p.m.;

rr.	February 12, 2014 at 9:17 a.m.;

ss.	February 12, 2014 at 11:33 a.m.;

tt.	February 12, 2014 at 1:55 p.m.;

uu.	February 12, 2014 at 3:56 p.m.;

vv.	February 12, 2014 at 6:04 p.m.;

ww.	February 13, 2014 at 9:19 a.m.;

xx.	February 13, 2014 at 11:25 a.m.;

yy.	February 13, 2014 at 1:27 p.m.;

zz.	February 13, 2014 at 3:33 p.m.;

aaa.	February 13, 2014 at 5:39 p.m.;

bbb.	February 13, 2014 at 7:49 p.m.;

ccc.	February 14, 2014 at 9:17 a.m.;

ddd.	February 14, 2014 at 11:54 a.m.;

| | | |
|---|---|---|
| eee. | | February 14, 2014 at 1:57p.m.; |
| fff. | | February 14, 2014 at 4:30 p.m.; |
| ggg. | | February 14, 2014 at 6:32 p.m.; |
| hhh. | | February 17, 2014 at 7:35 p.m.; |
| iii. | | February 18, 2014 at 9:16 a.m.; |
| jjj. | | February 18, 2014 at 12:02 p.m.; |
| kkk. | | February 18, 2014 at 2:08 p.m.; |
| lll. | | February 18, 2014 at 4:40 p.m.; |
| mmm. | | February 18, 2014 at 6:43 p.m.; |
| nnn. | | February 19, 2014 at 9:32 a.m.; |
| ooo. | | February 19, 2014 at 12:02 p.m.; |
| ppp. | | February 19, 2014 at 2:08 p.m.; |
| qqq. | | February 19, 2014 at 4:50 p.m.; |
| rrr. | | February 19, 2014 at 6:54 p.m.; |
| sss. | | February 20, 2014 at 9:31 a.m.; |
| ttt. | | February 20, 2014 at 12:02 p.m.; |
| uuu. | | February 20, 2014 at 2:06 p.m.; |
| vvv. | | February 20, 2014 at 4:21 p.m.; |
| www. | | February 20, 2014 at 6:24 p.m.; |
| xxx. | | February 21, 2014 at 9:31 a.m.; |

|   |   |   |
|---|---|---|
| yyy. | | February 21, 2014 at 11:59 a.m.; |
| zzz. | | February 21, 2014 at 2:08 p.m.; |
| aaaa. | | February 21, 2014 at 4:50 p.m.; |
| bbbb. | | February 21, 2014at 6:59 p.m.; |
| cccc. | | February 24, 2014 at 10:05 a.m.; |
| dddd. | | February 24, 2014 at 1:41 p.m.; |
| eeee. | | February 24, 2014 at 3:48 p.m.; |
| ffff. | | February 24, 2014 at 5: 58 p.m.; |
| gggg. | | February 25, 2014 at 1:55 p.m.; |
| hhhh. | | February 25, 2014 at 4:33 p.m.; |
| iiii. | | April 10, 2014; |
| jjjj. | | November 3, 2014 at 9:44 a.m.; and |
| kkkk. | | March 28, 2015. |

14. During one conversation between Mr. Saladino and Defendant, Defendant threatened to garnish Jacqueline Saladino's Social Security Disability Income. To date, Defendant has not taken such action.

15. Defendant continued to call Mr. Saladino's cellular phone with ATDS and/or Robocalls after Mr. Saladino initially told Defendant to stop calling in January 2014.  As a result, on or about April 10, 2014, Mr. Saladino again told Defendant to stop calling his cellular phone.

8

16. Defendant failed and refused to honor Mr. Saladino's second request and continued calling his cellular phone with ATDS and/or Robocalls. Accordingly, Mr. Saladino instructed Defendant to stop calling his cellular phone for a third time on or about November 3, 2014.

17. Once again, Defendant failed and refused to stop calling.

18. On or about January 10, 2015, Mr. Saladino submitted a letter to Defendant, requesting Defendant to cease and desist from contacting him any further.

19. Defendant, however, contacted Mr. Saladino once again on March 28, 2015.

20. Following Mr. Saladino's repeated requests that Defendant cease all calls, Defendant eventually informed Mr. Saladino that it had contacted Sallie Mae and had requested that Sallie Mae remove the account from Defendant's office.

21. On or about April 28, 2015, the president of Allied Interstate called Mr. Saladino and left him a voicemail. In the voicemail, the president stated that he was calling to express his apology and sincere disappointment at Defendant's "gross dereliction of duty" and the way in which Mr. Saladino was treated.

## **COUNT I**

## **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, *ET SEQ*.**

22. Mr. Saladino reincorporates the preceding allegations by reference.

23. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Mr. Saladino's cellular phone absent Mr. Saladino's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

24. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Mr. Saladino, upon answering calls from Defendant, would sometimes hear dead air. Other times that Mr. Saladino answered the phone, he would hear a prerecorded message that told him to hold until the next available representative got on the line.

25. Defendant called Mr. Saladino's cellular phone using an ATDS and/or Robocalls without his consent. Defendant either never had Mr. Saladino's prior express consent to call, or such consent was repeatedly and effectively revoked by Mr. Saladino's multiple requests that Defendant cease all calls.

26. Defendant continued to willfully call Mr. Saladino's cellular phone using an ATDS and/or Robocalls, knowing that it lacked the requisite consent to do so in violation of the TCPA.

27. Mr. Saladino was harmed and suffered damages as a result of Defendant's actions.

28. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. §227(b)(3).

29. As a result of each call made in violation of the TCPA, Mr. Saladino is entitled to an award of $500.00 in statutory damages.

30. As a result of each call made knowingly and/or willingly in violation of the TCPA, Mr. Saladino may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*

31. Mr. Saladino reincorporates the preceding allegations by reference.

32. At all relevant times and in the ordinary course of its business, Defendant regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

33. Mr. Saladino is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

34. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

35. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law as Mr. Saladino does not owe the alleged debt.

b. 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt.

c. 15 U.S.C. §1692d(5) by causing Mr. Saladino's phone to ring repeatedly or engaging Mr. Saladino in telephone conversations repeatedly.

d. 15 U.S.C. §1692c(c) by failing to cease communication with the alleged consumer after Mr. Saladino notified Defendant in writing and requested that Defendant cease communication with him.

e. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt.  Defendant did this when it misrepresented to Mr. Saladino that it would garnish his daughter's Social Security Disability Income.

f. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that was not intended to be taken.  Again, Defendant did this when it threatened to garnish Mr. Saladino's daughter's Social Security Disability Income.

g. 15 U.S.C. §1692e(4) by misrepresenting or implying that nonpayment of any debt would result in the seizure, garnishment, attachment, or sale of any property or wages with no intention to take such action.

36. Mr. Saladino has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF PRAYS for a Judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§227(b)(3);

C. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: June 11, 2015                                KENT LAW OFFICES

By: */s/   Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Michael Saladino